IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:15-cv-24258-KMM

CARMEN SIMAN, CARLOS SAIEH,
MOISES SAIEH, ALM INVESTMENT
FLORIDA, INC., and SUNSET & 97TH
HOLDINGS, LLC,

    Plaintiffs,

v.

OCEAN BANK, N.A.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion for Remand (ECF No. 11). The Motion has been fully briefed and is now ripe for review. Upon consideration of the Motion, the Response, the Reply, the Sur Reply, pertinent portions of the record, and being otherwise fully advised in the premises, the Court now GRANTS the Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The extensive history of this case dates back to February 13, 2003, when four men—Keith Stansell, Marc Gonsalves, Thomas Howe and Thomas Janis—conducting counter-narcotics reconnaissance were kidnapped in Colombia by members of the Revolutionary Armed Forces of Colombia (the "FARC"). Def.'s Notice of Removal ¶ 4 (ECF No. 1). Following the capture, FARC, a terrorist organization, executed Janis, and took the other men hostage. *Id*. Over five years later, Stansell, Gonsalves and Howe were rescued and returned to the United States. *Id.*

    A.    District Court Proceedings

Upon their return, the men, along with Janis's wife and surviving children (the "Stansell Plaintiffs"), prevailed against FARC and others in a lawsuit brought in the Middle District of Florida, Case No. 8:09-CV-02308, pursuant to the Antiterrorism Act, 18 U.S.C. § 2333. *Id.* In June 2010 the district court awarded the Stansell Plaintiffs judgment by default in the amount of $318,030,000. *Id.*; *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 722 (11th Cir. 2014); Civil Action No. 09-2308, M.D. Fla., D.E. 233.

Because of the difficulties inherent in directly executing the judgment against FARC, the Stansell Plaintiffs instead sought to execute pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub.L. No. 107–297, § 201(a), 116 Stat. 2322, 2337 ("TRIA"), which enables prevailing parties like the Stansell Plaintiffs to seize the assets of "agenc[ies] or instrumentalit[ies]" of terrorist organizations like FARC. Def.'s Notice of Removal ¶ 5 (ECF No. 1). Section 201 requires a party seeking to execute against the assets of a terrorist party's agency or instrumentality to establish the following elements: (1) that the party has obtained a judgment against a terrorist party that is either for a claim based on an act of terrorism or for a claim for which a terrorist party is not immune; (2) that the assets are "blocked" as that term is defined in TRIA; (3) that the total amount of the execution does not exceed the amount of compensatory damages; and (4) that the purported agency or instrumentality is actually an agency or instrumentality. *Stansell*, 771 F.3d at 723. Under TRIA, assets are "blocked" when the United States Department of the Treasury Office of Foreign Assets Control ("OFAC") designates the owner of the assets as a Specially Designated Narcotics Trafficker ("SDNT") pursuant to its blocking power under the Trading With the Enemy Act, 12 U.S.C. § 95a, 50 U.S.C. §§ 1–14, 16–39, 40–44 ("TWEA") or the International Emergency Economic Powers Act, 50 U.S.C. §§1701–1706 ("IEEPA"). *Id.*

The Stansell Plaintiffs initiated their TRIA Section 201 collection efforts ex parte in the Middle District court. Def.'s Notice of Removal ¶ 6 (ECF No. 1). On August 31, 2011, the Stansell Plaintiffs moved for issuance of writs of garnishment to Ocean Bank for post-judgment execution proceedings on the blocked assets held by Ocean Bank. Civil Action No. 09-2308, M.D. Fla., D.E. 314 (Aug. 31, 2011). In a September 26, 2011 order, the district court granted the motion. Civil Action No. 09-2308, M.D. Fla., D.E. 322 (Sept. 6, 2011). The district court made the following findings: (1) for purposes of TRIA execution, Carmen Siman, Carlos Saieh, Moises Saieh, ALM Investment Florida, Inc. and Sunset & 97th Holdings LLC ("SDNT Plaintiffs" or "Plaintiffs") were each an agency or instrumentality of FARC and designated by OFAC as SDNTs; (2) the SDNT Plaintiffs' assets were "blocked" under TRIA as defined by TRIA Section 201(d); (3) the blocked assets were subject to execution and garnishment pursuant to TRIA; (4) the SDNT Plaintiffs had no due process rights; and (5) the SDNT Plaintiffs had no rights under TRIA to notice and to be heard prior to or during the proceedings, and no right to notice or to challenge the OFAC designations in an attempt to seek dissolution of the writ of garnishment. *Id.* ¶¶ 15–17, 29–30.

On September 7, 2011, the clerk of the court issued writs of garnishment against the blocked assets held in the SDNT Plaintiffs' accounts at Ocean Bank. Civil Action No. 09-2308, M.D. Fla., D.E. 331, 333, 334, 337 (Sept. 7, 2011). On October 11, 2011, Ocean Bank filed answers to the writs of garnishment, identifying the name and last known address in Ocean Bank's records for each of the SDNT Plaintiffs. Civil Action No. 09-2308, M.D. Fla., D.E. 425, 427, 428, 430 (Oct. 11, 2011). On October 18, 2011, the district court entered a Turnover Judgment on Answers to Writ of Garnishment in a Civil Case (the "Turnover Judgment"). Civil Action No. 09-2308, M.D. Fla., D.E. 458 (Oct. 18, 2011). The Turnover Judgment ordered

3

Ocean Bank to turn over the garnished funds in the Ocean Bank accounts with the SDNT Plaintiffs' blocked assets. *Id.* ¶ 15. Further, the court's order held that "[u]pon completing the turnover and delivery of the [garnished funds] to [the Stansell Plaintiffs' counsel], Garnishee Ocean Bank is released and absolved from any and all liability under the Writs . . . including to the SDNT blocked account holders . . . ." *Id.* ¶ 20.

In compliance with the Turnover Judgment, on October 28, 2011, Ocean Bank turned over and delivered to the Stansell Plaintiffs the subject blocked funds of the SDNT Plaintiffs. Def.'s Notice of Removal ¶ 10 (ECF No. 1). The Stansell Plaintiffs and Ocean Bank filed a joint stipulation of full compliance with the writs, which stated that "Garnishee [Ocean bank] has fully satisfied and complied with the writs of execution/garnishment . . . for SDNT blocked account proceeds and the Court's Turnover Judgment." Civil Action No. 09-2308, M.D. Fla., D.E. 476 (Oct. 28, 2011).

Upon discovering the proceedings against their property, the SDNT Plaintiffs filed various challenges in the district court, including motions to dissolve the writs of garnishment, motions to set aside the orders granting the writs, and motions to stay the proceedings on the previously issued writs of garnishment. Civil Action No. 09-2308, M.D. Fla., D.E. 523 (Nov. 21, 2011), D.E. 558 (April 30, 2012). In each case, the district court denied the motion and allowed the collection efforts to proceed, or where such efforts had been completed, to lie. Def.'s Notice of Removal ¶ 6 (ECF No. 1); *see also Stansell*, 771 F.3d at 724.

B.   Appeal

In April 2013, SDNT Plaintiffs, along with other individuals and entities whose assets had been garnished or seized in the Stansell litigation (the "Claimants") appealed the district court orders granting motions for issuance of writs of garnishment, the Turnover Judgment, and

4

the orders granting motions to dissolve the writs of garnishment. Civil Action No. 09-2308, M.D. Fla., D.E. 731 (April 26, 2013). The SDNT Plaintiffs and other Claimants argued:

> (1) that they were denied constitutional and statutory rights to notice and a hearing because they were not served with the writs of garnishment and execution or the motions requesting them; (2) that they were erroneously designated agencies or instrumentalities of FARC by the district court; (3) that their assets were not reachable under TRIA § 201 because they [had] been removed from OFAC's list of SDNTs; (4) that [the Stansell] Plaintiffs did not obtain the licenses required to execute against OFAC-blocked assets; (5) that the judgments must be set aside for fraud; and (6) that on remand, [the Eleventh Circuit] should assign a different judge to the proceedings.

*Stansell*, 771 F.3d at 724.

On October 16, 2014 the Eleventh Circuit affirmed all of the district court's orders relevant to the SDNT Plaintiffs in this case. *See generally*, *id.* Specifically, the Eleventh Circuit held: (1) the Stansell Plaintiffs should have provided the blocked asset account holders (the SDNT Plaintiffs and other Claimants) with formal notice of the garnishment and execution proceedings, as required by Florida statutory law; (2) the district court erred when it held that the SDNT Plaintiffs and other Claimants were not entitled to due process; (3) any error in the district court was harmless because the SDNT Plaintiffs and other Claimants ultimately did receive notice of the proceedings and had sufficient opportunity to challenge the allegations against them in district court; (4) the district court's determination that the SDNT Plaintiffs and other Claimants were agencies or instrumentalities of FARC was not clear error; (5) OFAC de-listing does not apply retroactively in determining whether assets are blocked under TRIA; and (6) the Stansell Plaintiffs did not make fraudulent factual allegations. *Id.*

      C.      The Present Action

On October 19, 2015, Plaintiffs sued Ocean Bank in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Def.'s Notice of Removal, Ex. B (ECF

5

No. 1-2). The state court complaint (the "Complaint") alleges that Ocean Bank guaranteed a high standard of care in its management of customer accounts, and, through written agreements with Plaintiffs, undertook duties of care towards Plaintiffs. *Id.* Plaintiffs further allege that in August and September 2011, Ocean Bank received subpoenas from the Stansell Plaintiffs requesting private confidential banking information pertaining to Plaintiffs, which Ocean Bank deliberately failed to notify Plaintiffs of. *Id.* The Complaint further states that "[t]he secret provision of private information to the Stansell parties led to the issuance of garnishment writs against the assets" and that "[b]y turning over Plaintiffs' funds, [Ocean Bank] prevented Plaintiff entities from being able to timely retain counsel or otherwise to defend the enforcement proceedings." *Id.*

Plaintiffs thus assert four counts against Ocean Bank, styled as follows:

I. Breach of Contract for failing to notify Plaintiffs that Ocean Bank had been served with discovery demands and the writs of garnishment; for failing to scrutinize the discovery demands and writs to ensure they would not be applied by the Stansell Plaintiffs to obtain property that was not subject to garnishment, and for wrongfully representing information regarding Plaintiffs as holders of accounts and beneficiaries of certificate notes;
II. Breach of Covenant of Good Faith and Fair Dealing for failing to defend against the writs of garnishment, failing to notify the Plaintiffs of its receipt of discovery requests as to private information, the writs, and the turnovers of property and failing to scrutinize and correctly answer the writs to ensure that they would be executed according to their terms;
III. Breach of Duty to Notify for failing to notify Plaintiffs of receipt of the writs of garnishment and discovery demands as to private banking information, and of the turnover of property not subject to garnishment, and of the turnover of accounts;
IV. Disclosure of Private Information for failing to allow Plaintiffs to know that Ocean Bank had provided Plaintiffs' personal bank information in discovery.

*Id.*

On November 16, 2015, Ocean Bank filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (c). Def.'s Notice of Removal (ECF No. 1). Ocean Bank argues that federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because the Complaint "actually pleads federal claims involving Section 201 of [TRIA] and Federal Rule of Civil Procedure 69(a)." *Id.* ¶ 19. Plaintiffs now move for remand.

## II.   LEGAL STANDARD

On a motion for remand, the removing party bears the burden of establishing jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). In determining whether jurisdiction exists, a court must look to the well-pleaded complaint alone. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Adventure Outdoors Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). Thus, to meet its burden, the removing party "must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc.*, 552 F.3d at 1295. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Consistent with this position, district courts facing a motion for remand must resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party. *Id.*; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand") (citations omitted).

## III.   DISCUSSION

Plaintiffs move for remand, arguing that the state law claims alleged in the Complaint do not arise out of TRIA, but rather out of exclusively private, contractual and tortious conduct

7

governed by Florida law. *See* Plaintiffs' Mot. for Remand at 7 (ECF No. 11). Plaintiffs assert that they do not seek to challenge the judgment of the Middle District and Eleventh Circuit, as the claims, contrary to Ocean Bank's contention, are independent of federal issues, federal law or federal court orders. *Id.* In response, Ocean Bank contends that the Complaint shrouds "substantive and disputed issues of federal law"—namely, whether Ocean Bank can now be sued in state court "notwithstanding that the TRIA Turnover Judgment released and absolved [it] from any and all liability"— in state law causes of action. Def.'s Notice of Removal ¶ 20 (ECF No. 1).

### A.    Federal Jurisdiction Is Not Proper Under *Grable*

Pursuant to the federal removal statute, an action is removable if it alleges a claim "arising under" the Constitution, laws or treaties of the United States. 28 U.S.C. § 1441(c)(1)(A). Where, as here, the parties are not diverse and the complaint does not plead a federal cause of action, a claim may still "arise under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Thus federal jurisdiction over a state law claim may lie where the federal issue meets the requirements set forth in *Grable*.

*Grable* involved a quiet title action brought in state court between two non-diverse parties. *See generally id.* Grable, whose property was seized and sold by the Internal Revenue Service to satisfy a federal tax delinquency, claimed that the defendant-buyer's title was invalid because the IRS failed to comply with the notice requirements of a federal tax statute. *Id.* at 310–11. The defendant-buyer removed the case to federal court and Grable moved for remand.

8

*Id.* at 311.  The district court declined to remand, and the Supreme Court affirmed, holding that Grable's claim for superior title was dependent on establishing that the IRS failed to give adequate notice as defined by federal statute.  *Id.* at 314–15.  The Court further determined that the meaning of a federal tax law was an important federal issue, and one that would not usurp state judicial responsibilities.  *Id.* at 315–20.  In so holding, the Court set forth the touchstone analysis for federal question jurisdiction over state-law claims.

The *Grable* doctrine, however, is not without limits.  Federal courts have rejected the expansive view that mere need to apply federal law in a state law claim will suffice to open the "arising under" door.  *See Adventure Outdoors, Inc.*, 552 F.3d at 1299–1300.  Indeed, a year after *Grable* was decided, the Supreme Court explained that the *Grable* test carves only a "special and small category" of cases out of state court jurisdiction over state-law claims.  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).  The Court also elaborated on the factors that had supported removal jurisdiction in *Grable*, noting that "[t]he dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases."  *Id*. at 682–83 (internal citations omitted).  Taken together, the factors discussed in *Grable* and its progeny suggest that the instant matter does not belong in the "special and small category" of cases that warrant federal jurisdiction over a complaint asserting only state-law claims.  *Id.* at 699.

Ocean Bank contends that Plaintiffs' action is the type of dispute or controversy that *Grable* envisioned as warranting federal jurisdiction.  *See* Def.'s Response (ECF No. 19).  In support of its position, Ocean Bank states that the "resolution of the interpretation of Section 201 of TRIA and the effect and finality of a judgment issued under TRIA" is "necessary to Plaintiffs'

9

case." *Id.* Yet Ocean Bank fails to explain *why* those federal issues are necessary to Plaintiffs' claims,[1] and instead contends that Plaintiffs' state law action is a ruse for challenging the Middle District's Turnover Judgment. This Court, however, sees nothing in the Complaint which seeks to disgorge the Stansell Plaintiffs of their damages award, or which challenges the Middle District's application of TRIA Section 201. Rather, the Court reads the Complaint as a basic dispute between a bank and its clients arising from alleged violations of private contractual and fiduciary relationships.

Further, the Court disagrees with Ocean Bank that the rights and duties owed to Plaintiffs' were litigated and decided in the Stansell litigation. Presumably Ocean Bank is referring to the Middle District and Eleventh Circuit's holdings concerning constitutional and statutory notice requirements. But again, Plaintiffs' dispute with Ocean Bank centers around Ocean Bank's contractual and fiduciary obligations, which are private, common law obligations separate and apart from the due process rights Plaintiffs asserted in the Stansell litigation. Moreover, even if the issue of Ocean Bank's duty or breach was already litigated and decided in federal court, "[r]es judicata, collateral estoppel and estoppel defenses are affirmative defenses in

---

[1] As stated, *supra*, Plaintiffs assert four state-law claims against Ocean Bank, including breach of contract, breach of covenant of good faith and fair dealing, and fiduciary duty claims including breach of duty to notify and disclosure of private information. A breach of contract claim requires proof of: (1) a valid contract; (2) a material breach; and (3) damages. *Sensormatic Elecs. Corp. v. TAG Co. US, LLC*, 632 F. Supp. 2d 1147, 1190 (S.D. Fla. 2008) (internal citations omitted). To establish that Ocean Bank breached the implied covenant of good faith and fair dealing, Plaintiffs must show "a failure or refusal [by Ocean Bank] to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the [Plaintiffs]." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos. Inc.*, 607 F.3d 742, 747 (11th Cir. 2010) (internal quotations omitted). Plaintiffs' breach of duty claims require proof of: (1) existence of a duty; (2) breach; (3) causation; and (4) damages. *See Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011).

10

both Florida and federal courts" which have "no impact on the question of whether the action set out in the complaint arises from federal law for jurisdictional purposes." *Diaz*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citations omitted).

Finally, to the extent that Ocean Bank argues the Turnover Judgment released it from liability related to the turnover of OFAC-blocked funds, the Court agrees that this may be a viable defense to Plaintiffs' state-law claims. But it is well settled that "[a] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. V. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393–94 (1987) (case may not be removed on the basis of a federal defense).

In sum, the Court finds that this case does not belong in the "special and small" category of cases envisioned in *Grable*. *See Empire Healthchoice Assur., Inc.*, 547 U.S. at 699. Unlike the plaintiff in *Grable*, Plaintiffs here do not need to establish anything regarding TRIA Section 201, the Turnover Judgment, or any other federal law or court order from the Stansell litigation in order to prevail on their state law claims. While Ocean Bank may very well avoid liability in the state court action, its triumph will be the result of a successful defense, not of the state court's re-interpretation of federal law. Based on the foregoing, Ocean Bank has not carried its burden of demonstrating that removal was proper, and the Court concludes that remand is appropriate.

B.      Request For Attorney's Fees

Plaintiffs move for attorney's fees and costs incurred as a result of removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and

costs under § 1447(c) is discretionary, but the court may only exercise its discretion where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 146 U.S. 132, 141 (2005). Here, while removal was ultimately unsuccessful, after review of the record, the Court finds that it was not objectively unreasonable. Accordingly, Plaintiffs' request for attorney's fees and costs is denied.

IV.  **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand (ECF No. 11) is GRANTED. This Cause is REMANDED to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Clerk of Court is directed to administratively CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>25th</u> day of February, 2016.

                                                  K. MICHAEL MOORE  
                                                CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record